UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| H&N PROPERTIES, LLC, | Case No. 2:15-CV-25 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| QUALITY LOAN SERVICE CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is defendants Wells Fargo Bank National Association ("Wells Fargo") and Federal National Mortgage Association's ("FNMA") motion to dismiss plaintiff's amended complaint. (Doc. # 13). In support of their motion, defendants filed a request for judicial notice.[1] (Doc. # 14). Plaintiff H&N Properties, LLC ("H&N") filed a response (doc. # 15), and defendants filed a reply (doc. #16).

I. **Background**

On or about October 30, 2008, Humberto Moreno ("the borrower") obtained a loan from Provident Funding Associates ("Provident") in the amount of $213,750 for the purchase of real property located at 1163 Toro Hills, Henderson, NV 89074. (Doc. # 14-1). In connection with the loan, the borrower executed a promissory note that required payment of the loan amount and a

---

[1] The court judicially recognizes the grant, bargain and sale deed, the junior and senior deeds of trust, assignments of the deed of trust, notice of default and election to sell, the foreclosure mediation certificate, a notice of trustee's sale, and other matters of public record included in the defendants' request. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute."). Plaintiff includes many of the same documents with its response and the court takes notice of the appropriate documents of public record as well.

**James C. Mahan**
**U.S. District Judge**

deed of trust encumbering the property and securing H&N's obligations under the note. (*Id*.). The deed of trust was recorded with the Clark County recorder's office on November 12, 2008. (*Id.*).

On March 9, 2012, the original lender, Provident, executed an assignment of mortgage, which transferred the loan to Wells Fargo. (Doc. # 14-2). The first assignment was recorded with the Clark County recorder's office on March 9, 2012. (*Id.*).

On May 31, 2013, Quality Loan Service Corp. ("Quality"), as trustee, recorded a notice of breach of default and election to cause sale of real property under deed of trust. (Doc. # 14-4). On August 28, 2013, the state of Nevada foreclosure mediation program recorded the mediation certificate, which stated that "[t]he Beneficiary may proceed with the foreclosure process." (Doc. # 14-5). On or about September 4, 2013, Quality recorded a notice of trustee's sale. (Doc. # 14-6).

On June 26, 2013, the borrower filed for chapter 7 bankruptcy. (Doc. # 13 at 3). The borrower listed his intent to surrender the property in his voluntary petition. (Doc. # 14-10). On March 4, 2014, the borrower's bankruptcy trustee moved to sell the property. (Doc. # 14-11). Wells Fargo opposed the sale of the property free and clear of its lean. (Doc. # 14-12). On April 11, 2014, the bankruptcy court entered its order granting the motion to sell the property *subject to* all liens, encumbrances, and claims. (Doc. # 14-9 at 2-3).

The bankruptcy court declined to allow the sale of the property to proceed free and clear of all liens and encumbrances. (*Id.* at 2). The court instead approved "the Sale of the Property pursuant to § 363(b), with the § 363(b) Buyer taking title to the Property subject to all liens and encumbrances." (*Id.*). The bankruptcy court's order further provided that "[t]his Sale does not affect the secured creditors' abilities to exercise their remedies against the Property, including enforcing their security interests under a Note and Deed of Trust by foreclosing on the Property[.]" (*Id.* at 4).

Additionally, the bankruptcy court's order required the purchaser to, within fourteen days of delivery, record the quitclaim deed and the order with the Clark County recorder's office. (*Id.* at 3). The court then explicitly stated that "[f]ailure to timely record shall automatically void the § 363(b) sale and the Documents delivered, meaning any later attempt to record them after the 14

**James C. Mahan**
**U.S. District Judge**

- 2 -

days has expired shall provide the §363(b) Buyer with no legal basis to successfully transfer the estate's interest in the Property." (*Id.*).

On April 11, 2014, H&N acquired an interest in the property by the bankruptcy trustee's quitclaim deed. (Doc. # 6-1). Under the quitclaim deed, H&N paid only $7,000 for the property. (*Id.*). The bankruptcy quitclaim deed was not recorded until May 14, 2014. (*Id.*).

On or about April 23, 2014, prior to the recording of the quitclaim deed, Quality recorded a second notice of trustee's sale, scheduling a foreclosure sale for May 22, 2014. (Doc. # 14-7). On or about June 3, 2014, Wells Fargo executed a corporate assignment of deed of trust, which transferred the loan to FNMA. (Doc. # 14-8). The Clark County recorder's office recorded the second assignment on July 14, 2014. (*Id.*). On July 11, 2014, FNMA foreclosed on the property based on the trustee's deed upon sale recorded with the Clark County recorder on July 14, 2014. (Doc. # 6-3).

H&N initiated the instant case in the Eighth Judicial District Court for Clark County, Nevada on November 5, 2014, against defendants Quality, Wells Fargo, and FNMA.[2] (Doc. # 1 at 14). Defendants removed the case to this court on January 6, 2015. (Doc. # 1). On January 15, 2015, H&N filed an amended complaint. (Doc. # 6). H&N's amended complaint alleges three causes of action: (1) quiet title and declaratory relief; (2) a violation of Nevada Revised Statutes ("NRS") § 107.090;[3] and (3) unjust enrichment. (Doc. # 6). On February 17, 2015, Wells Fargo and FNMA filed the instant motion seeking to dismiss H&N's amended complaint in its entirety. (Doc. # 13).

. . .

. . .

. . .

. . .

---

[2] H&N voluntarily dismissed defendant Quality on April 8, 2015. (Doc. # 17).

[3] Though H&N's complaint specifically mentions NRS § 107.090 in the title of its second cause of action, the complaint then asserts violations of NRS § 107 generally.

**James C. Mahan**
**U.S. District Judge**

- 3 -

## II.     Legal Standard[4]

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted).  When the allegations in a complaint have not

---

[4] H&N argues in its response to the instant motion to dismiss that *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny instruct that the Nevada Rule of Civil Procedure 12(b)(5) should apply instead of the Federal Rules of Civil Procedure 12(b)(6), because this case is before the court on diversity jurisdiction. (Doc. # 15 at 3-4). H&N is incorrect. The United States Supreme Court and Ninth Circuit have made clear that courts sitting in diversity jurisdiction apply state substantive law and federal procedural law.  A federal court exercising diversity jurisdiction applies state substantive law and federal procedural law. *See, e.g.*, *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *In re Larry's Apartment, LLC*, 249 F.3d 832, 837 (9th Cir. 2001). A motion to dismiss is procedural. Accordingly, the court will apply the legal standard required by Federal Rules of Civil Procedure 8 and 12(b)(6).

crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III. Discussion

#### A. *Quiet title and declaratory relief*

In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS § 40.010. The burden of proof in a quiet title action rests with the plaintiff to prove good title in himself. *Breliant v. Preferred Equities Corp.,* 918 P.2d 314, 318 (Nev. 1996). When an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder." *Id.* (citing *Biasi v. Leavitt,* 692 P.2d 1301, 1304 (Nev. 1985)).

H&N seeks for the court to declare it the fee simple owner of the subject property and to allow it a reasonable opportunity to cure the default. H&N alleges that, despite its interest in the property having been recorded with the Clark County recorder since May 14, 2014, H&N never received notice of the trustee's sale, in violation of NRS § 107.015. (Doc. # 6 at 3). Therefore, H&N asserts that, based on the purported violation of NRS § 107, defendants' trustee deed is void as a matter of law. (Doc. # 6 at 4).

Defendants assert that H&N's claim fails as a matter of law because H&N failed to adhere to the bankruptcy court's order and thus cannot prove good title in itself. (Doc. # 13 at 6).

The bankruptcy order is exceedingly clear. It states that H&N is "solely responsible" for ensuring the timely recordation of the deed, declaration of value, and bankruptcy order and for

**James C. Mahan**
**U.S. District Judge**

- 5 -

presenting evidence of this timely recordation to the trustee within twenty days of delivery. (Doc. # 14-9 at 3.) The order states that the trustee's quitclaim deed, declaration of value, and bankruptcy order must be recorded "no later than 14 days after delivery" to the buyer. (*Id.*). Failure to timely record the quitclaim deed, declaration of value, and bankruptcy order shall "automatically void the [ ] sale and the [trustee's quitclaim deed and declaration of value] delivered, meaning any later attempt to record them after the 14 days has expired shall provide the [b]uyer with no legal basis to successfully transfer the estate's interest in the Property." (*Id.*). Further, "[f]ailure to timely record shall also automatically result in a complete forfeiture to the estate of all monies paid by the [b]uyer." (*Id.*).

H&N executed the quitclaim deed on April 11, 2014, but did not record it until May 14, 2014—well outside the fourteen day period mandated by the bankruptcy order. (Doc. # 6-1). H&N asserts that it substantially complied with the bankruptcy order, because it "did not receive the deed until around the end of April. (Doc. # 15 at 10). Therefore, its recording on May 14, 2014, was timely.[5]

However, there is no assertion in H&N's complaint or any of its other filings that it ever recorded the bankruptcy order, as mandated by the bankruptcy court's order. H&N also does not assert that it presented evidence of its allegedly timely recordation to the trustee within 20 days as mandated by the order. Finally, none of the documents that the court has taken judicial notice of include a recordation of the bankruptcy court's order or evidence of the timely recordation presented to the trustee as mandated.

The court finds that H&N cannot state a claim to quiet title, because it cannot prove good title in itself. Accordingly, H&N's claim to quiet title will be dismissed.

. . .

. . .

---

[5] To support this assertion, H&N includes the declaration of Noriko Hosoda, which is inappropriate for the court to consider in a motion to dismiss. (*See* doc. # 15-5). The court does note that Hosoda's declaration asserts that H&N did not receive the quitclaim deed until "around the end of April" and that he recorded the deed on May 11, 2014. (Doc. # 15-5 at 2). However, the deed of trust, which the court took judicial notice of was recorded on May 14, 2014, and not May 11, 2014, as asserted by Hosoda. (*See* doc. # 15-1 at 2).

**James C. Mahan**
**U.S. District Judge**

- 6 -

*B. Violations of NRS § 107*

NRS § 107 states that the notice of default must be mailed "to the grantor or, to the person who holds the title of record on the date the notice of default and election to sell is recorded . . . ." Nev. Rev. Stat. § 107.080(3). Notice of sale must only be sent to the "the trustor and any other person entitled to notice pursuant to this section . . . ." *Id.* at § 107.080(4)(a).

H&N's complaint asserts that, because "[d]efendants fail[ed] to give proper notice of the default and election to sell and notice of trustee sale in violation of NRS [§] 107," the trustee's deed recorded on July 11, 2014, is void. (Doc. # 6 at 4). Accordingly, H&N asks the court to quiet title in its name.

Defendants assert that they were not required to give H&N notice of the notice of default or the notice of sale, because H&N did not record any interest in the property until May 14, 2014. (Doc. # 6-1).

The notice of default at issue was recorded on May 31, 2013, an entire year before H&N's interest arose. (Doc. # 14-4). Accordingly, any quiet title claim based on failure to provide notice of the notice of default to H&N fails. *See Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367 JCM PAL, 2013 WL 1145212, at *3 (D. Nev. Mar. 18, 2013) (Because plaintiffs' unrecorded interest left defendants without notice of the purported transfer at the time the notice of default and election to sell was recorded, defendants did not have an obligation to notice plaintiffs.)

With respect to the notice of sale, H&N did not have any recorded interest in the property as of the date of the recording of the notice of sale. Defendants recorded the first and second notices of trustee's sale—on September 4, 2013, and April 23, 2014, respectively—prior to H&N's recording of its quitclaim deed on May 14, 2014. (*See* docs. ## 6-1, 14-6, 14-7). The statute does not require notice be given to a party with an unrecorded interest in the property.

H&N argues that it was not provided a reasonable opportunity to cure. However, the quitclaim deed stated in all capital letters and bold type that H&N took title to the property "subject to any and all claims, liens, and other encumbrances." (Doc. # 6-1).

Further, the bankruptcy court's order instructed that secured creditors "retain[ed] their liens for the full amount due under those subject loans;" and that the sale did not "affect the secured

creditors' abilities to exercise their remedies against the Property, including enforcing their security interests under a Note and Deed of Trust by foreclosing on the Property." (Doc. # 14-9 at 4). H&N was aware of the first lien holder and notice of default when it purchased the property. Accordingly, H&N's claim for violations of NRS § 107 will be dismissed.

## C. Unjust enrichment

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Ramos v. Liberty Mut. Ins. Co.,* No. 2:14–cv–839–KJD–PAL, 2014 WL 4354138, at *5 (D. Nev. Sept. 3, 2014) (quoting *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975,* 942 P.2d 182, 187 (Nev. 1997)). Unjust enrichment applies to situations where there is no legal contract but where the defendant is in possession of money or property which it, in good conscience and justice, should not retain. *Id.* (citing *Leasepartners,* 942 P.2d at 187).

H&N claims that it "has spent a substantial amount of money improving the subject property . . . [and] has paid all expenses, insurance, and taxes, and has maintained the subject property since February 2014." (Doc. # 6 at 5). Therefore, H&N alleges that, if the court does not void the trustee's deed, defendants will be unjustly enriched at the expense of H&N. (*Id.*).

H&N is a real estate speculator. It knowingly purchased a property for $7,000, with title that was junior to the other liens on the property, knowing that it would have to pay off the senior debt to acquire title and duly and timely record. H&N cannot state a claim for unjust enrichment because defendants have not received a benefit that belonged to H&N, since H&N's own failure to timely record voided its deed. Accordingly, H&N's claim for unjust enrichment will be dismissed.

. . .
. . .
. . .
. . .
. . .
. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Wells Fargo Bank National Association and Federal National Mortgage Association's motion to dismiss plaintiff's amended complaint (doc. # 13) be, and the same hereby is, GRANTED. The clerk shall close the case.

DATED May 14, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**